## Crosby v. Crosby

*T. J. Mahoney*, for libellant.
*Burton R. Laub*, for respondent.

EVANS, J., August 19, 1941.—Libellant in the above-entitled case instituted divorce proceedings in this court on November 25, 1940, claiming to be a resident of this State and county, and alleging cruel and barbarous treatment and indignities to his person on the part of the wife, who is a resident of Portland, Ore. Respondent learned of the action through circumstances not

disclosed in the pleadings, but was not notified by libellant concerning the proceedings. Burton R. Laub, district attorney, received a request for information concerning the matter, and subsequently on February 5, 1941, entered an appearance and filed a petition for counsel fees and alimony. On May 8, 1941, without notice to counsel for respondent, a master was appointed but the hearing was continued when it was discovered that the action would be contested and that there was a rule outstanding for alimony and counsel fees. Counsel for respondent came before the court and requested a hearing on his petition for counsel fees and alimony, and on the date set libellant did not appear. Another date was fixed and libellant's counsel was notified that if libellant did not then appear an order would be made in his absence. On June 26, 1941, libellant filed an application to discontinue the action, and an answer was filed objecting to the granting of this petition. The question here presented is: Shall this court under the circumstances presented in this case permit the discontinuance of the divorce proceedings?

Both parties agree that permission to discontinue a divorce case is a matter within the sound discretion of the court and this is unquestionably the law of Pennsylvania. Ordinarily the complainant may at any time prior to a decree have his bill dismissed. The court will not refuse an application to dismiss unless defendant will thereby suffer a disadvantage or unless the public has an interest in the action: Wurst v. Wurst, 14 Dist. R. 682. Respondent contends that a discontinuance will cause her to suffer a disadvantage in that she will be unable to present testimony to prove the allegations false, and that in the future libellant may institute proceedings again in this or in other courts which will require her, if she is aware of the action, to again go through the same proceeding required of her at this time. Unquestionably this is true, but the word "dis-

advantage" as used in this connection in textbooks seems to contemplate a situation where respondent has filed a cross-bill or an answer asking affirmative relief: 17 Am. Jur. §347; 19 C. J. 147, §374. To use the word "disadvantage" in the broader sense contended for by respondent would be tantamount to holding that, regardless of the cause of action, a court may refuse a discontinuance if in its opinion it is more convenient and desirous to respondent that the issue be tried. An examination of the authorities in this State finds them to the effect that divorce actions are to be discouraged and that a libellant may suffer a nonsuit as in other actions save under exceptional cases: Koecker v. Koecker, 7 Phila. 364; Wurst v. Wurst, supra. Those exceptional cases have been held to be where the legality of the marriage is attacked or where there is a charge of adultery: Schwindt v. Schwindt, 23 Dist. R. 506; Murphy v. Murphy, 8 Phila. 357. Where the cause was desertion, an application to discontinue, made before the report was presented to the court for consideration, was allowed in Wurst v. Wurst, supra.

In the present case no testimony has been taken and there is no record which might in any way affect the reputation or standing of respondent. The admission, in the petition to discontinue, that libellant does not have evidence to sustain his charges of cruel and barbarous treatment and indignities, nullifies his claims as to those offenses alleged in the libel. We do not consider anything to have developed in this case to require its continuance in the interest of the public welfare, nor do we believe the possibility of the action being started again in this or another court to be sufficient ground to refuse discontinuance. With the record of these proceedings showing that libellant has knowledge of respondent's whereabouts, a subsequent action without notice to her could probably be set aside on the ground of fraud. However, respondent has been re-

quired to employ counsel both in Portland, Ore., and in Erie, Pa., and it is proper that she should be protected in a reasonable amount against her obligation for counsel fees.

And now, to wit, August 19, 1941, it is ordered and decreed that libellant shall pay respondent the sum of $100 counsel fees and upon payment thereof the rule granted on the petition to discontinue the above-entitled action is made absolute.